# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE NORTHERN DISTRICT OF GEORGIA

ELIZABETH A. LAKEY, et al.,

      Plaintiffs,

    v.

MENTOR CORPORATION,

      Defendant.

Civil Action No. 1:05-CV-0929-WBH

---

## INITIAL DISCLOSURES OF
## DEFENDANT MENTOR CORPORATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1), and LR 26.1, Defendant Mentor Corporation ("Mentor") hereby makes the following initial discovery disclosures:

**1.    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

RESPONSE:    Defendant Mentor is correctly identified.

**2.    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by**

**plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

RESPONSE:    Mentor's investigation of Plaintiffs' allegations is in an early stage and discovery has just begun.  Based on the information currently available, however, Mentor knows of no other necessary parties to this action and does not contend that there is a question of misjoinder.

**3.    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

RESPONSE:    At this early stage of the action, Mentor's factual and legal investigation is incomplete and ongoing.  Among other things, because Mentor did not receive any complaint from Plaintiffs before this action was filed, Mentor does not know the specific product style or model at issue, the nature of Plaintiff Elizabeth Lakey's alleged injuries, the circumstances surrounding those alleged injuries, or the identity of her health care providers.  Thus, Mentor is unable to identify all facts supporting its defenses in this action.  Mentor will supplement this response as appropriate.

**4.     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

RESPONSE:        At this early stage of the action, Mentor's factual and legal investigation is incomplete and ongoing.  Among other things, because Mentor did not receive any complaint from Plaintiffs before this action was filed, Mentor does not know the specific product style or model at issue, the nature of Plaintiff Elizabeth Lakey's alleged injuries, the circumstances surrounding those alleged injuries, or the identity of her health care providers.  Thus, Mentor is unable to identify all statutes, codes, regulations, legal principles, standards and customs or usages which are applicable to this action.  At this time, Mentor identifies the Restatement (Second) of Torts, § 402A, Cmt. k; the Restatement (Third) of Torts, § 6; the Georgia Product Liability Act and case law thereunder; and the federal regulations pertinent to class 3 medical devices.

Mentor will supplement this response as appropriate.

**5.     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings,**

identifying the subjects of the information.  (Attach witness list to Responses to Initial Disclosures as Attachment A.)

      RESPONSE:     See Attachment A.

6.     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

      RESPONSE:     Mentor has not made this determination at this time, but will supplement as appropriate.

7.     Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

      RESPONSE:     See Attachment C.

8.    In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D).

RESPONSE:    Mentor is not claiming damages at this time.

9.    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

RESPONSE:    Mentor has insufficient information to make such a determination at this time, but will supplement at an appropriate time, if necessary.

10.    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an

insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

RESPONSE:        At this time, Mentor is not aware of any document responsive to this request.  Mentor will supplement this response at a later time, if necessary.

Dated:        May 27, 2005                    Respectfully submitted,

                                                            _Lucas W. Andrews_
                                                            Lucas W. Andrews
                                                            Ga. Bar No. 019533
                                                            Jones Day
                                                            1420 Peachtree Street, N.E.
                                                            Atlanta, Georgia  30309-3053
                                                            Ph.  (404) 581-8054
                                                            Fax:  (404) 581-8330
                                                            lwandrews@JonesDay.com

                                                            Attorneys for Defendant
                                                            MENTOR CORPORATION

# ATTACHMENT A

- Elizabeth Lakey

- Gary Lakey

- Plaintiffs' medical care providers

- Jeanne Prin Wyatt, Product Evaluation Manager, Mentor Corporation, Minneapolis,MN (to be contacted only through counsel)

# ATTACHMENT B

Mentor has not made this determination at this time and will supplement as appropriate.

# ATTACHMENT C

Because Mentor does not have specific information about Plaintiff's product or her medical care providers, Mentor has insufficient information to respond specifically to this disclosure request at this time, but Mentor states that the following general categories of documents are responsive:

- The product insert data sheet that would have accompanied Plaintiff's device, once identified;

- Any consent forms signed by plaintiff;

- Plaintiff's medical records;

- The lot history for the specific implant(s) at issue, once identified;

- FDA review and approval correspondence applicable to the device at issue, once identified.

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ELIZABETH A. LAKEY, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>MENTOR CORPORATION,<br><br>       Defendant. | Civil Action No. 1:05-CV-0929-WBH |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 27, 2005, I electronically filed the Joint
Preliminary Planning Report and Scheduling Order with the Clerk of Court
using the CM/ECF system which will automatically send email notification
of such filing to the following attorneys of record

> Frances L. Spinelli
> Roger C. Wilson
> Evert & Weathersby, LLC
>
> _Lucas W. Andrews_
> Lucas W. Andrews
> Georgia Bar No. 019533
> Attorney for Defendant

ATI-2169054v1

Jones Day
1420 Peachtree St., N.E.
Suite 800
Atlanta, GA 30309-3053
Ph.: (404) 521-3939
Fax: (404) 581-8330